

1629 K STREET N.W., SUITE 300
WASHINGTON, D.C. 20006

**HAMILTON LINCOLN LAW INSTITUTE**

Adam E. Schulman
(610) 457-0856
adam.schluman@hlli.org

February 2, 2026

**VIA ECF**

Susan E. Bindler, Clerk of Court
Office of the Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:    *Kohls, et al. v. Ellison, et al.*, No. 25-1300
            Submitted after oral argument October 22, 2025
            (Colloton, Loken, Benton, JJ.)

Dear Ms. Bindler:

      Appellants Franson and Kohls submit this Rule 28(j) letter to apprise the Court of *The Babylon Bee v. Lopez*, No. 25-cv-00234 (D. Haw. Jan. 30, 2026) (slip opinion attached).

      In *Babylon Bee*, political satirists challenged Hawaii's ban on AI-generated political deepfakes. Slip Op. 1-2. As Minnesota does here, Hawaii argued that the satirists lacked Article III standing to bring a pre-enforcement lawsuit. Slip. Op. 11. Because Hawaii's law only encompasses "advertisements," the state urged a narrowing construction that exempted satire and parody from its ambit. Slip Op. 13. But their argument ignored that Article III only requires that plaintiffs' speech be "*arguably proscribed*." Slip. Op. 13 (quoting and adding emphasis); *accord* Opening Br. 15, 17.

      Notwithstanding that Babylon Bee's intended speech was "self-classified as satire or parody"—indeed, Babylon Bee is perhaps the most renowned political humor publication in the country—others had "mistaken [its AI-generated content] as real," fact-checked it and "denounced [it]…for spreading misinformation." Slip. Op. 17. The same is true of Kohls' speech here. Opening Br. 20-21; Reply Br. 19 (discussing

Appellate Case: 25-1300    Page: 1    Date Filed: 02/02/2026 Entry ID: 5603590

factchecking of Kohls' video). Like Kohls, Babylon Bee faced a credible threat of enforcement from the text of the law that the state declined to disavow. Slip Op. 19-20; Opening Br. 22.

On the merits, *Babylon Bee* concludes that Hawaii's law violated the First Amendment facially and as applied to the plaintiffs' satirical commentary. Slip Op. 22-36. Like Minn. Stat. § 609.771, Hawaii's law discriminates based on content, speaker, and effectively viewpoint. Slip. Op. 23-25 & n.16; *compare* Opening Br. 44-45. And like Minnesota's law, Hawaii's cannot withstand strict scrutiny because of less restrictive alternatives that would serve the state's interest without infringing speech. Slip. Op. 28-31; *compare* Opening Br. 42-43; Reply Br. 19-21. Lastly, even if Ellison were correct that *Moody* overbreadth analysis is suitable here (*contra* Reply Br. 24-25), *Babylon Bee* confirms that the statute would fail such review. Slip Op. 32-35.

*Babylon Bee* demonstrates multiple errors here. Once corrected, Appellants' entitlement to an injunction is clear. *See* Opening Br. 38.

                                              Respectfully submitted,

                                              */s/ Adam E. Schulman*
                                              Adam E. Schulman
                                              *Counsel for Appellants Franson and Kohls*

cc:      Counsel via ECF system

## Proof of Service

      I hereby certify that on February 2, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

      */s/ Adam E. Schulman*

Page **3** of **3**

Appellate Case: 25-1300    Page: 3    Date Filed: 02/02/2026 Entry ID: 5603590